UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHANIEL ERIK WALSH,<br><br>Defendant. | Case No. 1:23-cr-00269-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO REVOKE DETENTION ORDER** |

Before the Court is Defendant Nathaniel Erik Walsh's Motion to Revoke Detention Order. (Dkt. 39). The Government opposes Walsh's motion. (Dkt. 40). For the reasons discussed, the Court denies Walsh's motion.

## I. BACKGROUND

On October 11, 2023, a grand jury returned an indictment charging Walsh with two counts of distribution of fentanyl. (Dkt. 2). At Walsh's initial appearance and arraignment before Magistrate Judge Grasham, the Government requested Walsh be detained pending trial. (Dkts. 5, 7). Judge Grasham ordered Walsh to be temporarily detained and set a detention hearing before Magistrate Judge Dale. (Dkts. 7, 13). Following the detention hearing on October 25, Walsh was released pending trial in this matter. (Dkts. 15, 16).

On November 30, Judge Dale signed a petition on pretrial release based on Walsh's alleged violations of his pretrial conditions, and an arrest warrant issued. (Dkts. 22, 23). On December 6, Judge Dale signed an amended petition, adding three additional allegations. (Dkt. 25). On December 12, following a detention hearing, Judge Dale revoked Walsh's pretrial release and

**MEMORANDUM DECISION AND ORDER RE MOTION TO REVOKE DETENTION ORDER - 1**

ordered him detained pending trial. (Dkts. 32, 33). Walsh now seeks this Court's review of Judge Dale's order revoking pretrial release and order of detention. (Dkt. 39).

## II.  LEGAL STANDARD

Walsh's motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." *See* Fed. R. Crim. P. 59(a). The district court must "promptly" determine the motion. 18 U.S.C. § 3145(b).

A district court reviews the magistrate judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and, therefore, is not required to "proceed as if the magistrate's decision and findings did not exist." *Id*. Still, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. The court may hold additional evidentiary hearings but is not required to do so. *Id*.

## III.  ANALYSIS

Walsh seeks this Court's review of the magistrate court's revocation of pretrial release and order of detention. The Bail Reform Act governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). When a defendant has been released under § 3142 and has subsequently violated a condition of release, that defendant "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

**MEMORANDUM DECISION AND ORDER RE MOTION TO REVOKE DETENTION ORDER - 2**

The court must enter an order of revocation and detention if, after a hearing, the court

>   (1) finds that there is--
>       (A) probable cause to believe that the [defendant] has committed a Federal, State, or local crime while on release; or
>       (B) clear and convincing evidence that the [defendant] has violated any other condition of release; and
>   (2) finds that--
>       (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the [defendant] will not flee or pose a danger to the safety of any other person or the community; or
>       (B) the [defendant] is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Here, Judge Dale conducted a hearing and found Walsh violated a condition of release. (Dkt. 33 at p. 1). Judge Dale also found Walsh is unlikely to abide by any condition or combination of the conditions of release. (Dkt. 33 at p. 1). Walsh concedes two violations but contends those violations were "relatively minor." (Dkt. 39 at p. 8). The violations Walsh concedes include failure to report to the probation office as directed and failure to provide a urinalysis sample. (Dkt. 25 at pp. 1-2). Because of Walsh's concession, the Court finds by clear and convincing evidence that Walsh violated a condition of pretrial release. *See* 18 U.S.C. § 3148(b)(1)(B).

The crux of Walsh's challenge is Judge Dale's finding that Walsh is unlikely to abide by any conditions or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B). In addition to Walsh's current indictment for distribution of fentanyl, he has a history of criminal conduct involving drugs. (*See* Dkt. 17 at pp. 3-4). The Court also notes that a presumption of detention existed at the initial detention hearing pursuant to 18 U.S.C. § 3142(e)(3)(A) because probable cause exists to believe Walsh committed a crime with a maximum term of imprisonment of ten years or more. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Despite the presumption of detention, Walsh was released on pretrial supervision on October 25, 2023.

**MEMORANDUM DECISION AND ORDER RE MOTION TO REVOKE DETENTION ORDER - 3**

(Dkt. 15). A petition on supervised release was filed only a month later, however, on November 30, 2023. (Dkt. 22). As an initial matter, that a petition on pretrial release was filed so quickly supports a finding under § 3148(b)(2)(B).

Additionally, Walsh's conduct while on pretrial release indicates he is unlikely to abide by any conditions of release. Walsh concedes he failed to report to the probation office as directed and failed to provide a urinalysis sample. (Dkt. 39 at pp. 6, 8). When placed on pretrial release, Walsh acknowledged a violation of any condition of release may result in revocation of his release. (Dkt. 16 at p. 3). Taken together, Walsh's criminal history, his currently charged conduct, the timing of the petition on supervised released, and his conceded violations of his pretrial release conditions lead the Court to conclude he is unlikely to abide by any condition or combination of conditions on release.

Having concluded sufficient evidence exists to support revocation of release under 18 U.S.C. § 3148(b), the Court now turns to Walsh's contention the magistrate court, at the Government's behest, improperly found Walsh failed to continue or actively to seek employment, based on two jail calls between Walsh and his girlfriend. (Dkt. 39 at pp. 6-8). Walsh urges the Court to consider the jail calls "carefully" and determine "there was no conspiracy to get [his uncle] to lie" about Walsh's employment status. (Dkt. 39 at p. 7).

The Court has carefully considered this information but, nonetheless, finds Walsh failed to continue or actively to seek employment. The jail call shows the potential employment being discussed between Walsh and his girlfriend was concededly "not on the books," raising questions about both the stability and the legality of the employment. (*See* Dkt. 39 at p. 7). Further, the evidence is clear Walsh failed to maintain clear communication with his pretrial services officer about his employment and failed to provide proof of employment, despite requests to do. (*E.g.*,

Dkt. 32-6). Walsh's general lack of candor with his pretrial services officer is concerning and supports concluding that Walsh failed to continue or actively to seek employment. Walsh's employment status supports the Court's finding that he is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B).

## IV.  ORDER

**IT IS ORDERED:**

1. Walsh's Motion to Revoke Detention Order (Dkt. 39) is **DENIED**.

DATED: January 29, 2024

Amanda K. Brailsford
U.S. District Court Judge